In re Estate of Parker.

---

IN THE MATTER OF THE ESTATE OF WILLIAM FREDERIC PARKER, DECEASED.

FILED NOVEMBER 2, 1904.   NO. 13,596.

Estate of Decedent: SALE: REVIEW. In the conduct of proceedings for the sale of real estate for the payment of debts of a deceased person, the principal duty of a district court is to conserve the estate, and its orders and judgments to that end ought rarely to be disturbed, and never unless they appear to have been mistakenly made, or disclose an abuse of discretion unjustly injurious to a party in interest.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. Affirmed.

Gaines, Kelby, Storey & Martin and I. R. Andrews, for appellant.

Charles A. Goss and J. W. Hamilton, contra.

AMES, C.

Executors of the will of William Frederic Parker, deceased, obtained from the district court a license for the sale of certain real property belonging to the estate of the testator for the payment of his debts. Sales of a large number of tracts were accordingly made and reported to the court. As a part of their report, the executors recited that there were several tracts that were bid off at the sale for sums, in their opinion, below their value, among them being five lots in an addition to the city of Omaha for which the appellant Isaac R. Andrews was bidder, and as to such tracts they recommended that the bids be not accepted, but a resale ordered. A like representation was also made

by a minor son of the testator by a guardian *ad litem*. Andrews bid at the sale an aggregate sum of $35 for the five lots, and, on the coming in of the report, another person offered, in case of a resale, to bid $50 for them. In view of the fact that other tracts were required to be advertised, so that the resale of these lots would occasion no appreciable additional expense, the court granted the application of the executors and minor, and Andrews appealed from the order to that effect to this court.

The principal duty of the district court in such cases is to conserve the estate of the decedent, and, in our opinion, its orders and judgments to that end ought rarely to be disturbed, and never unless they appear to have been 'mistakenly made, or disclose an abuse of discretion unjustly injurious to a party in interest. Such a condition of affairs is not disclosed by the record, and we recommend that the order appealed from be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the order appealed from be

AFFIRMED.